# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS J. BRYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 5472 |
| vs. | ) |
| | ) Magistrate Judge Schenkier |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Thomas J. Bryan, filed an action in the United States District Court pursuant to 42 U.S.C. § 405(g) (2008) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). On August 13, 2009, this Court granted summary judgment in favor of Mr. Bryan and remanded the case to the Commissioner for further proceedings. *Bryan v. Astrue*, No. 08 C 5472, 2009 WL 2477542, at *13 (N.D. Ill. Aug. 13, 2009).

Mr. Bryan subsequently filed a timely motion for attorneys' fees and court filing costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (2009) (doc. # 23). Mr. Bryan seeks a total award of $9,071.00, consisting of (1) $7,854.00 in attorneys' fees for litigating the denial of DIB; (2) $867.00 for briefing the EAJA motion; and (3) $350.00 in court costs. The Commissioner does not challenge Mr. Bryan's entitlement to recover fees and costs, but does

---

[1] By consent of the parties and pursuant to 28 U.S.C. § 636(c) (2005), this case was assigned to this Court for all proceedings, including the entry of final judgment (doc. ## 11, 17).

challenge the reasonableness of attorneys' fees requested. For the reasons set forth below, this Court grants Mr. Bryan's motion and awards $9,071.00 in attorneys' fees and costs.

## I.

The Equal Access to Justice Act provides that a party who prevails against the United States in a civil action is entitled to an award of attorneys' fees. 28 U.S.C. § 2412(d). In order for a plaintiff to be awarded attorneys' fees, the Court must find that: (1) the plaintiff has made a timely application for fees; (2) the plaintiff is a prevailing party; and (3) the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Moreover, Section 2412 provides that any attorneys' fee award must be reasonable. 42 U.S.C. § 2412(d)(2)(a). Plaintiff bears the burden of proving that the fees requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The amount of the fee award is left to the discretion of the district court. *Id.* at 432-33; *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 973 (7th Cir. 1991) (noting that district courts are best-suited to assess a reasonable fee because of their familiarity with the case's history). In evaluating requests for fees, the judge must do more than "eyeball the request and if it seems excessive cut it down by an arbitrary percentage." *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984).

## II.

In this case, the Commissioner does not dispute the timing of Mr. Bryan's application or his status as a prevailing party. Nor does the Commissioner claim that its position was substantially justified. Thus, there is no doubt that plaintiff is entitled to recover attorneys' fees and costs; the only question is the amount. Mr. Bryan seeks a total award of $9,071.00 for fees and costs related to challenging the ALJ's decision and disputing the amount of the EAJA fee award. Mr. Bryan has provided an itemized statement of time expended on this case and hourly rates on which the total fee

calculation was based, as required by the EAJA, 28 U.S.C. § 2412(d)(1)(B) (Pl.'s Mot. Ex. A; Pl.'s Mot. Ex. C).

The Commissioner disputes the reasonableness of the fees requested, contending that the amount of time Mr. Bryan's counsel spent on the case was excessive because: (1) the case was "relatively routine"; (2) the period of time at issue was defined; and (3) the ALJ eventually found the claimant disabled for some (but not all) of the period that Mr. Bryan claimed. For these reasons, the Commissioner asks that the Court award only a reduced amount of fees. The Commissioner does not identify any specific entry in Mr. Bryan's attorneys' time itemization that is unreasonable or excessive; nor does the Commissioner state by how much Mr. Bryan's fee request should be reduced. We have considered the arguments the Commissioner makes in support of its request for a reduced fee award, and find them unpersuasive.

## A.

The Commissioner argues that this case is a routine social security disability case with conventional, straightforward issues, and thus, it should not have taken Mr. Bryan's counsel as many hours as it did – 46.2 hours – to prepare the opening and reply briefs. Despite the lack of novel issues, handling the appeal still required reading and reviewing the administrative record, analyzing the issues, and drafting the briefs. We conclude that the amount of time plaintiff's counsel expended to perform those tasks was reasonable.

In this case, the administrative record totaled 403 pages, which in our judgment is a rather large record. *See, e.g., Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (noting that the 459-page record was "rather voluminous"). Mr. Bryan's counsel submitted a twenty-page opening brief and a ten-page reply brief. The Commissioner does not point to any arguments that

he claims reasonably should have been excluded, or any that should have been presented more concisely. Indeed, although the legal issues raised in this case are implicated in many social security appeals, each case necessitates thorough analysis, regardless of how "routine" the issues may be. For example, issues related to the sufficiency of the ALJ's credibility assessment can be "multi-faceted and far from simple." *Dominguese v. Barnhart*, No. 99-C-0596, 2002 WL 32318281, at *6 (E.D. Wis. July 12, 2002). Although the issues raised in this case may be unexceptional, Mr. Bryan's attorneys still had to evaluate the specific facts of this particular case and respond accordingly. Thus, while a court generally prefers shorter rather than longer briefs, we cannot say that the length of plaintiff's briefs in this case was excessive or unproductive.[2]

**B.**

The Commissioner suggests that Mr. Bryan's attorneys spent too much time on the case considering they have "handled many disability cases before this Court . . . ." (Def.'s Mem. at 3). The number of hours Mr. Bryan's attorneys spent, however, was reasonable even in light of their experience. Moreover, courts have recognized that an attorney's expertise indicates that "the amount of hours spent in [a] case could have been much greater than it was," not that the amount of hours should have been reduced. *Pouska v. Apfel*, No. 99 C 805, 2002 WL 1263996, at *5 (N.D. Ill. June 5, 2002); *see also Schutt v. Massanari*, No. 00 C 1370, 2001 WL 1155253, at *3 (N.D. Ill. Sep. 28, 2001) (finding approximately 44 hours of attorney time reasonable despite defendant's claim that the hours were excessive due to plaintiff's attorney's expertise).

---

[2]In *Dominguese*, the court further noted that the case was not routine but "complicated, as my twenty-three-page decision and order reversing and remanding the case demonstrates." 2002 WL 32318281, at *6. Similarly, in the case at hand, this Court handed down a twenty-six page decision and order reversing and remanding the case.

4

**C.**

The Commissioner also claims that Mr. Bryan's attorneys should have billed fewer hours because the time period at issue was limited to roughly 35 months, between August 14, 2004 and July 20, 2007, and there is a lack of evidence of medical care between August 2005 and July 20, 2007 (Def.'s Mem. at 4). We remanded this case for the ALJ to explore Mr. Bryan's explanations as to the lack of medical care because we held that the ALJ erred by relying on a gap in Mr. Bryan's medical records to discredit him without exploring the reasons for that gap. *Bryan*, 2009 WL 2477542, at *12. The Commissioner now seeks to use the gap in Mr. Bryan's medical records as a reason to reduce the EAJA fee award. This gap, however, does not alter the fact that Mr. Bryan still had to devote substantial time to reviewing the 403-page administrative record and writing two briefs. Likewise, contrary to the Commissioner's arguments, the fact that the ALJ's decision was partially favorable – finding Mr. Bryan disabled after July 20, 2007 – did not shrink the record in this case or shorten the analysis Mr. Bryan's attorneys had to conduct. Therefore, neither the gap in medical records nor the ALJ's finding of disability after July 20, 2007, rendered unreasonable the amount of time plaintiff's counsel devoted to this case.

**D.**

The Commissioner argues that cases from other circuits establish a parameter of 20 to 40 hours as a reasonable amount of time for plaintiffs' attorneys to spend in briefing social security appeals (Def.'s Mem. at 3-4). In making this argument, the Commissioner concedes that there are cases within this jurisdiction awarding fees based on a greater expenditure of time (Def.'s Mem. at 3). And, indeed, there are. *See, e.g., Wirth v. Barnhart*, 325 F. Supp.2d 911, 914-15 (E.D. Wis. 2004) (finding 61.1 hours was reasonable for a case where the administrative record was 326 pages

long, and awarding the plaintiff's counsel $8,965.49, despite the Commissioner's argument that the fee award should be reduced because the plaintiff's counsel was experienced in social security litigation, and the case "did not involve unusual or complex issues"); *Schutt*, 2001 WL 1155253, at *3 (N.D. Ill. Sep. 28, 2001) (finding 56.2 hours was reasonable for reviewing a 348-page record and preparing two briefs, and awarding the plaintiff's counsel $7,080.60, despite the Commissioner's argument that the hours were excessive considering the plaintiff's attorney's expertise in social security cases); *Sayles v. Barnhart*, No. 00 C 7200, 2002 WL 989455, at *3 (N.D. Ill. May 14, 2002) (awarding $7,151.62 for 53.5 attorney hours and one hour of legal assistant work, and holding that this amount of time was reasonable for filing two summary judgment briefs and two briefs on the EAJA petition.)

The Commissioner argues that awards such as these "appear[] to be higher than in jurisdictions throughout the country," and that this should translate into lowering Mr. Bryan's requested fees (Def.'s Mem. at 3). In support of this argument, the Commissioner cites five cases from different jurisdictions to support his assertion that a range of 20 to 40 hours is reasonable for briefing a plaintiff's social security appeal (Def.'s Mem. at 3). Two courts in this district have found the Commissioner's same argument unpersuasive. In *Pouska v. Apfel*, No. 99 C 805, 2002 WL 1263996, at *5, the Commissioner relied on three of the same cases for the proposition that the average number of attorney hours is between 20 and 40 hours; nevertheless, the court held that 66.95 hours was reasonable. Similarly, in *Schutt*, 2001 WL 1155253, at *3, the court held that the plaintiff's hours and fees were reasonable despite the Commissioner's citation to some of the same cases outside this circuit.

We likewise find this argument unpersuasive. We are skeptical about the wisdom of assessing the reasonableness of the time spent on a social security appeal by comparison simply to the amount of time spent by plaintiffs in briefing appeals in other cases. That kind of one-size-fits-all approach has the virtue of simplicity. But, it carries with it the vice of glossing over differences in the factual records, the ALJ's opinions and the legal issues that can create significant differences in the amount of time that is reasonable for attorneys to spend in briefing a social security appeal. If the Commissioner considered the amount of time excessive, he was free to point out arguments that were unnecessary or excessive time spent on arguments properly made. The Commissioner did not do so. We are not willing to reduce fee requests based merely on generic comparisons to the time spent in briefing other cases.

### III.

The Commissioner does not challenge the hourly rates submitted by Mr. Bryan. Nevertheless, the Court has examined the methodology Mr. Bryan's attorneys used to calculate their hourly rate, and finds it reasonable. Mr. Bryan's attorneys began with the EAJA allowance for attorney fees of $125.00 per hour as set forth in 1996 when the EAJA was amended, and adjusted it to the cost of living in January 2009 as defined by the Bureau of Labor Statistics Consumer Price Index ("CPI"). *See* 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee"). We find no flaw in this approach and believe it fairly captures the cost of living increases allowable under the EAJA. We have previously accepted this method of calculating the appropriate rate. *Bailey v. Barnhart*, 473 F. Supp. 2d 842, 852 (N.D. Ill. 2006). Furthermore, Mr. Bryan's

attorneys' hourly rate falls within the range of rates recently approved in other cases in this circuit.[3] *See, e.g., Kallio v. Astrue*, No. 2:07-CV-406-JVB, 2009 WL 2230861, at *4 (N.D. Ind. July 23, 2009) (finding a rate of $172.50 per hour for attorney time and $85.00 per hour for legal assistant time reasonable); *McDaniel v. Astrue*, No. 1:07-cv-642-SEB-TAB, 2009 WL 2762720, at *2 (S.D. Ind. Aug. 25, 2009) (awarding $169.56 per hour for work performed in 2009)

## CONCLUSION

For the reasons stated above, the Court grants Mr. Bryan's motion for attorneys' fees and costs pursuant to the EAJA, 28 U.S.C. § 2412 (doc. # 23). We award attorneys' fees and costs in the total amount of $9,071.00, payable to Barry A. Schultz.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: February 8, 2010**

---

[3] It is worth brief mention that Mr. Bryan's attorney used the January 2009 CPI number to calculate his hourly rate for work performed throughout the entire case – from September 2008 through October 2009 – rather than using a different CPI number for each month from September 2008 through October 2009. However, the Commissioner failed to raise this issue, and any variance in the rate is a minor point, as $170.00 per hour is a reasonable rate for work performed during this time frame as evidenced by the rate used in other social security cases in this circuit.